# Third District Court of Appeal

## State of Florida

Opinion filed November 9, 2016.

_____

No. 3D16-906
Lower Tribunal No. 04-753B

_____

**John J. Wilson, Jr.,**

Petitioner,

vs.

**The State of Florida,**

Respondent.


A Case of Original Jurisdiction — Petition for Belated Appeal.

John J. Wilson, Jr., in proper person.

Pamela Jo Bondi, Attorney General, for respondent.


Before ROTHENBERG, SALTER and SCALES, JJ.

PER CURIAM.

## Order on Motion for Clarification of Order Dismissing Petition Seeking Belated Appeal

While not entirely clear from the limited record petitioner John J. Wilson, Jr. has provided us, it appears that Wilson is seeking to recover from Miami-Dade County the sum of $8,520 impounded by police in January of 2004 when Wilson and his codefendant John D'Ambro were arrested. Wilson was charged with trafficking cocaine, conspiracy to traffic cocaine and money laundering (criminal case number F04-753B).

It appears that forfeiture proceedings were initiated against the impounded funds in civil forfeiture case number 04-03992-CA-23 and, on May 18, 2004, a final judgment forfeiting those funds to the Miami-Dade Police Department Law Enforcement Trust Fund was entered.

The record reflects that some eight years later, on or about June 8, 2012, Wilson was acquitted of the charges in criminal case number F04-753B. On June 19, 2012, Wilson filed a motion in his criminal case for return of property (presumably seeking the return of the $8,520 that was the subject of the judgment in the forfeiture case).[1] The judgment of acquittal was entered on July 3, 2012, and, shortly thereafter, the trial court in the criminal case entered a July 5, 2012 order

---

[1] A copy of this motion is not in the record provided by Wilson.

presumably granting Wilson's June 19, 2012 motion seeking the return of his property.[2]

More than two years later, on December 8, 2014, Miami-Dade County filed a motion in criminal case number F04-753B seeking to vacate the trial court's July 5, 2012 order.[3] The record does not reflect whether the trial court ever ruled on this motion.

In April of 2016, Wilson filed a petition with this Court titled "Petition for Belated Appeal from Civil Forfeiture," presumably seeking leave to file a belated appeal of an unidentified trial court order entered in criminal case number F04-753B denying him recovery. In his petition, Wilson asserted, among other things, that the May 2004 final judgment in the civil forfeiture case was entered without notice to him, and without an opportunity to establish that the funds belonged to him rather than to his codefendant John D'Ambro. On April 25, 2016, we entered an order dismissing the petition "without prejudice to the petitioner's right to pursue his claim to the funds in the circuit court (including the right to seek enforcement in that court of any prior order upholding petitioner's claim to the subject funds)."

---

[2] A copy of this order is not in the record provided by Wilson.

[3] Despite the filing of this motion in Wilson's criminal case, this motion cites, as its basis, rule 1.540(b) of the Florida Rules of Civil Procedure.

While unclear from the record, it appears Wilson, armed with our April 2016 order, filed a motion in the criminal case seeking appointment of counsel to assist Wilson in recovering the forfeiture funds. The record then reflects that on July 13, 2016, the trial court in the criminal case entered an order denying Wilson's motion seeking the appointment of counsel to pursue Wilson's claim for the funds. In that handwritten order, the trial court states: "[t]he Defendant's issue regarding his request for return of property is moot as any property and/or money that was collected as evidence in this case was forfeited in a civil forfeiture proceeding."

While the relief Wilson seeks from this Court is not exactly clear, Wilson now has filed with this Court what can only be characterized as a motion to clarify our April 2016 order that dismissed Wilson's petition. In his October 17, 2016 filing, Wilson asserts, among other things, that he has been denied access to courts and that the circuit court has "flagrantly violated this order." We treat Wilson's October 17, 2016 filing as a motion for clarification and grant same.

It appears from the record that the property Wilson is seeking to claim in criminal case number F04-753B was the subject of a civil forfeiture case (case number 04-03992-CA-23), which resulted in a final judgment of forfeiture rendered on May 8, 2004. The record does not reflect whether the criminal court, in entering the July 5, 2012 order some eight years later, had the benefit of this

4

final judgment. By the time the criminal court entered its July 13, 2016 order denying Wilson's motion seeking appointment of counsel, however, the criminal court obviously had become aware of this final judgment and referenced the same in that July 13, 2016 order.

Our April 25, 2016 dismissal order merely denied the relief requested by Wilson (i.e., to file a belated appeal of some unidentified order entered in the criminal case). Our order specified that this Court's dismissal of the petition was without prejudice to Wilson attempting to claim the funds by challenging the May 2004 final judgment in the civil forfeiture case number 04-03992-CA-23. Our order indicated that any such challenge should be filed in that civil forfeiture case, rather than by continued filings in Wilson's criminal case (F04-753B). Our order obviously did not, and we do not now, comment or opine on the merits of any such challenge or on the enforceability or validity of the July 5, 2012 order entered in the criminal case.

To the extent that Wilson's October 17, 2016 filing requests any additional relief from this Court, we deny such request.